UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Henry L. Bradley, | ) C/A No.: 9:09-1632-TLW-BM |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| L.C. Knight/Sheriff; Capt. Van Doran/Detention Command; Harrison Belle/Solicitor; Cathy McCatton/Head Medical; Mark A. Leiendecker/Public Defender, | ) |
| Defendants. | ) |

Plaintiff, a prisoner proceeding *pro se*, files this civil action pursuant to 42 U.S.C. § 1983. Plaintiff raises issues pertaining to his conditions of confinement, and to matters concerning his arrest and related state court proceedings.

Plaintiff's claims pertain mostly to his lack of medical care. Plaintiff alleges he has problems with his teeth, and also with his back. The back problems are the result of an attack he sustained from another detainee whom he claims has a mental disorder. Plaintiff alleges the defendants have been deliberately indifferent to his serious medical needs. He also alleges the defendants place four (4) to five (5) detainees in a cell. He maintains there are "exposed live wires hanging" in the cells and claims that sewage "backs-up" from the toilets. He states that his grievances go unanswered.



1

He seeks damages.[1]

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, the Prison Litigation Reform Act, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972); *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2nd Cir. 1975). However, even when considered under this less stringent standard, it is readily apparent that two of the named defendants, Belle and Leiendecker, are entitled to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

---

[1] Plaintiff seeks damages for these claims pursuant to 42 U.S.C. § 1983. However, Plaintiff also raises issues pertaining to his arrest and state court proceedings, including but not limited to, excessive bond, lack of "physical evidence", denial of a physical lineup, "unauthorized vehicle search", and inexperienced court appointed counsel. These latter issues are properly raised in a habeas action, not in a lawsuit for damages under § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)(complaint or petition challenging the fact or duration of confinement should be construed and processed as a habeas corpus petition, while a complaint or petition challenging the conditions of confinement should be construed and processed as a complaint pursuant to 42 U.S.C. § 1983). The undersigned is treating this pleading as one filed pursuant to 42 U.S.C.§ 1983, and is therefore only addressing Plaintiff's medical/conditions of confinement claims. If the plaintiff wishes to challenge his confinement or state court proceedings, he must obtain habeas forms from the Clerk of Court and file a separate action, after he has fully exhausted his state remedies.

The defendant Belle is the assistant solicitor who prosecuted the Plaintiff. Plaintiff's complaint against this defendant is barred by the well-established legal doctrine of prosecutorial immunity, as Solicitors and Assistant Solicitors have absolute immunity for their prosecution-related activities in, or connected with, judicial proceedings. Absolute immunity "...is available for conduct of prosecutors that is 'intimately associated with the judicial phase of the criminal process.'" *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) *citing Imbler v. Pachtman,* 424 U.S. 409, 430 (1976). *See also Burns v. Reed*, 500 U.S. 478 (1991). Consequently, plaintiff is not entitled to recover any damages from this defendant and Belle should therefore be summarily dismissed from this case.

Additionally, plaintiff can not proceed against his court appointed attorney, defendant Leiendecker, because this defendant has not acted under color of state law. In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: *(1)* the defendant(s) deprived him or her of a federal right, and *(2)* did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976)(private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980)(court-appointed attorney); *Polk County v. Dodson*, 454 U.S. 312, 317-324 & nn. 8-16 (1981)(public defender). *See also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982)("Careful adherence to the 'state action' requirement . . . also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed."). Since defendant Leiendecker has not acted under color of state law, he is entitled to be summarily dismissed from this case.



3

## RECOMMENDATION

Accordingly, it is recommended that the Court dismiss defendants Belle and Leiendecker as parties in the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe*, 998 F.2d 201, 202-204 & n.* (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); *Boyce v. Alizaduh, supra; Todd v. Baskerville, supra*, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B); and 28 U.S.C. § 1915A [the court shall review, as soon as practicable after docketing, prisoner cases to determine whether they are subject to any grounds for dismissal]. A service order for the remaining defendants will be entered.

Bristow Marchant
United States Magistrate Judge

October 7, 2009

Charleston, South Carolina

*The plaintiff's attention is directed to the important NOTICE on the next page.*

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).



5