IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Henry L. Bradley, #141371, )<br>)<br>         Plaintiff, )<br>)<br>v. )<br>)<br>L. C. Knight, Sheriff, )<br>Capt. VanDoran Detention Command; )<br>and Cathy McCatton, Head Medical, )<br>)<br>         Defendants. )<br>_____) | CIVIL ACTION NO. 9:09-1632-TLW-BM<br><br>**REPORT AND RECOMMENDATION** |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate with the South Carolina Department of Corrections (SCDC), alleges violations of his constitutional rights by the named Defendants while he was a pretrial detainee at the Dorchester County Detention Center.

The Defendant Cathy McCatton filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on January 8, 2010. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court, advising Plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendant's motion may be granted. Plaintiff thereafter filed a response in opposition to McCatton's motion for summary judgment on January 5, 2010, to which McCatton filed a reply memorandum on February 3, 2010.

The remaining Defendants L. C. Knight and Terrance Van Doran filed a motion for summary judgment on March 9, 2010, following which a second Roseboro order was entered. Plaintiff thereafter filed a memorandum in opposition to this motion on March 22, 2010.



- 1 -

These motions are now before the Court for disposition.[1]

**Background and Evidence**

Although Plaintiff is currently an inmate with the South Carolina Department Corrections, housed at the Broad River Correctional Institution, his claims arise out of a period of time when he was incarcerated at the Dorchester County Detention Center.[2] L. C. Knight is the Sheriff of Dorchester County, while the Defendant Van Doran was the officer in charge of the detention center.[3] Plaintiff alleges in his verified complaint[4] that he has difficulty eating because of problems with his teeth, and that although he complained about this matter to the medical staff at the Detention Center "day and night", there were "no results". Plaintiff further alleges that he was advised by the nursing staff that he would have to pay one hundred to two hundred dollars before being approved to see a dentist, and that he would also be charged for pain medications as well.

Plaintiff further alleges that he was at one point housed in the same cell as an inmate

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed motions for summary judgment. As these motions are dispositive, this Report and Recommendation is entered for review by the Court.

[2] According to two affidavits Plaintiff submitted with his memoranda opposing the motions for summary judgment, Plaintiff was a pre-trial detainee at the Dorchester County Detention Center from January 10, 2009 to July 8, 2009.

[3] Plaintiff's complaint originally contained allegations against additional Defendants, which concerned issues pertaining to his arrest and state court proceeding, including but not limited to excessive bond, lack of physical evidence, denial of a physical lineup, unauthorized vehicle search, and inexperienced court appointed counsel. Those claims and Defendants have previously been dismissed. See Court Docket Nos. 16 and 33.

[4] In this Circuit, verified complaints by pro se litigants are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff has filed a verified Complaint. Therefore, the undersigned has considered the factual allegations set forth in the verified Complaint in issuing a recommendation in this case.



with a mental disorder, who on one occasion jumped on his lower back, "causing great pain". Plaintiff alleges that another inmate called for assistance, but that it took officers fifteen minutes to respond to the call, and the medical staff twenty-five minutes, during which he was on the floor unable to move "and in grave pain". Plaintiff alleges that although he asked to see a physician and to be taken to a hospital, the nurse on duty (apparently named "Mary") refused his request. Plaintiff alleges that three officers along with the nurse then proceeded to move him as he "scream[ed] in grave pain". Plaintiff alleges that these individuals moved him to another cell on a small cart and left him there. Plaintiff alleges that he then remained in his bed "in excruciating pain" for four days, and that he has yet to be seen by a physician or receive any medication.

Plaintiff further complains about the living conditions at the Detention Center, alleging that there were four to five inmates per cell, that there are "live wires" hanging out of the wall, and that the emergency call button was not in his cell, meaning that he had to ask the people in the cell next to him to use the call button if he needed assistance. Plaintiff further alleges that the sewage backed up in the toilet in his cell. Plaintiff seeks monetary damages, along with declaratory and/or injunctive relief. See generally, Verified Complaint.[5]

In support of summary judgment in the case, all three of the Defendants have submitted affidavits. Additionally, copies of Plaintiff's medical records have also been submitted as part of the Defendant McCatton's responsive pleading. The Defendants have also submitted copies of a request form Plaintiff submitted on April 22, 2009 relating to medical problems he wished to have addressed, together with the response Plaintiff received thereto; and a grievance form

---

[5]Plaintiff submitted some additional materials to the Court on August 25, 2009 wherein he elaborated on the allegations in his complaint. Those additional materials have been placed on the docket as an appendage to the complaint.



- 3 -

Plaintiff submitted dated July 2, 2009, showing a response on July 6, 2009.

**Discussion**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P. Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990). Here, after careful review and consideration of the evidence submitted in this case, the undersigned finds and concludes that the Defendants are entitled to summary judgment.

Defendants Knight and Van Doran argue in their motion, inter alia, that this entire case should be dismissed for failure of the Plaintiff to exhaust his administrative remedies prior to filing this lawsuit. Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this Title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Through the enactment of this statute, Congress has mandated exhaustion regardless of the relief offered through administrative procedures. Booth v. Churner, 532 U.S. 731, 741 (2001);



- 4 -

see Porter v. Nussle, 534 U.S. 516 (2002); Jones v. Smith, 266 F.3d 399 (6th Cir. 2001) [exhaustion required even though plaintiff claimed futility]; Larkin v. Galloway, 266 F.3d 718 (7th Cir. 2001) [exhaustion required even though plaintiff claimed he was afraid]; see also Claybrooks v. Newsome, No. 00-7079, 2001 WL 1089548 (4th Cir. Sept. 18, 2001) (unpublished opinion) [applying Booth v. Churner to affirm district court's denial of relief to plaintiff]. Accordingly, before Plaintiff may proceed on his claims in this Court, he must first have exhausted the administrative remedies that were available to him at the Detention Center.

The Defendants have the burden of showing that Plaintiff failed to exhaust his administrative remedies. See Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 683 (4th Cir. 2005) [inmate's failure to exhaust administrative remedies is an affirmative defense to be both pled and proven by the Defendant]; Jones v. Bock, 127 S.Ct. 910 (2007). To meet this burden, Defendants have filed a copy of a grievance form Plaintiff submitted on July 2, 2009 complaining about his medical care.[6] Plaintiff's complaint is dated June 4, 2009; therefore, this grievance was not even submitted until after Plaintiff had already filed this lawsuit. See Cannon v. Washington, 418 F.3d 714, 719 (7th Cir. 2005) [Prisoner may not file a lawsuit before exhausting his administrative remedies, even if he exhausts those remedies while the litigation is pending.]; Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999) [Prisoner "may not exhaust administrative remedies during the pendency of the federal suit."]. For his part, although Plaintiff makes the general and conclusory statement in his affidavits filed in opposition to the motions for summary judgment that he "filed several unanswered grievances", he has failed to provide copies of any such grievances, he provides no dates or grievance numbers, nor has he otherwise submitted any evidence

---

[6]This grievance does not reference any of Plaintiff's claims from his complaint concerning the other conditions of his confinement.



- 5 -

to show that he in fact exhausted his administrative remedies with respect to any of his claims before filing this lawsuit. Morgan v. Churchs Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987) [The Court is not required to "accept as true legal conclusions or unwarranted factual inferences"]; House v. New Castle County, 824 F.Supp. 477, 485 (D.Md. 1993) [Plaintiff's conclusory allegations insufficient to maintain claim]; see also Sylvia Development Corp. v. Calvert County, Md., 48 F.3d 810, 818 (4th Cir. 1995)[explaining that while the party opposing summary judgment is entitled to the benefit of inferences that can be drawn from the evidence, "[p]ermissible inferences must still be within the range or reasonable probability" and that ["[w]hether an inference is reasonable cannot be decided in a vacuum; it must be considered in light of the competing inferences to the contrary" (internal quotation marks omitted)]; Harvey v. City of Philadelphia, 253 F.Supp.2d 827, 829 (E.D.Pa. 2003) [Summary judgment granted where Plaintiff claimed to have exhausted administrative remedies, but did not present any evidence to challenge defendants' evidence that he did not pursue his administrative remedies]. It is also instructive to note that, on Page 2 of Plaintiff's verified complaint, he concedes that there is a grievance procedure at the Detention Center and that he had not received a response to any grievance at the time he filed the complaint. See Complaint, Section II.[7]

In sum, the evidence before the Court shows that Plaintiff either did not properly pursue a grievance concerning the issues raised in this case prior to filing this lawsuit, or he did not

---

[7] Plaintiff does reference in Section II of his complaint a filing of April 9, 2009, which appears to be the request form filed with the Court as part of Exhibit A to Knight and Van Doren's motion for summary judgment. However, Request to Staff forms are not grievances, and do not serve to exhaust the prison grievance process. Rather, to exhaust his administrative remedies, Plaintiff would have had to have pursued *grievances* concerning his claims if he did not receive the response(s) he desired to his request forms. See Davis v. Minthorn, No. 05-326, 2006 WL 2222700 (E.D.Tenn. Aug. 2, 2006) [Submission of inmate request form not sufficient to exhaust grievance remedy].



even file a grievance until after the lawsuit had already commenced. Therefore, the Defendants are entitled to summary judgment on Plaintiff's claims. Cf. Hyde v. South Carolina Dep't of Mental Health, 442 S.E.2d 582, 583 (1994) ["Where an adequate administrative remedy is available to determine a question of fact, one must purse the administrative remedy or be precluded from seeking relief in the courts"]; Harvey, 253 F.Supp.2d at 829 [Summary judgment granted where Plaintiff claimed to have exhausted administrative remedies, but did not present any evidence to challenge defendants' evidence that he did not pursue his administrative remedies].

## **Conclusion**

Based on the foregoing, it is recommended that the Defendants' motions for summary judgment be **granted**, and that this case be **dismissed,** without prejudice, for failure of the Plaintiff to exhaust his administrative remedies.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

April 5, 2010
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

