IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Henry L. Bradley, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civil Action No.: 9:09-1632-TLW-BM ) |
| L.C. Knight/Sheriff; Capt. Van Doran/Detention Command; Harrison Belle/Solicitor; Cathy McCatton/ Head Medical; Mark A. Leiendecker/Public Defender, | ) ) ) ) ) ) |
| Defendants. | ) ) |

# ORDER

The plaintiff, Henry L. Bradley ("plaintiff"), filed this action, *pro se*, pursuant to 42 U.S.C. § 1983. (Doc. #1). The case was referred to United States Magistrate Judge Bristow Marchant pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 (B)(2)(d), DSC.

On October 8, 2009, the Magistrate Judge to whom this case was previously assigned issued a Report and Recommendation recommending that defendants Harrison Belle and Mark A. Leiendecker be dismissed from this action without prejudice. (Doc. #16). This Court issued an Order accepting the Report and Recommendation and dismissing defendants Belle and Leiendecker on February 3, 2010. (Doc. #33). On January 8, 2010, defendant Cathy McCatton filed a motion for summary judgment. (Doc. #25). The plaintiff filed a response to which defendant McCatton replied. (Docs. #32, #35). On March 9, 2010, remaining defendants L.C. Knight and Captain Van Doran filed a motion to dismiss or in the alternative for summary judgment. (Doc. #37). The plaintiff filed a response on March 22, 2010. (Doc. #40).

This matter now comes before this Court for review of the pending Report and Recommendation ("the Report") filed by United States Magistrate Judge to whom this case had previously been assigned. (Doc. #41). In the Report, the Magistrate Judge recommends that the defendants' motions for summary judgment be granted, and that this case be dismissed without prejudice based on the plaintiff's failure to exhaust his administrative remedies. (Doc. #41). The plaintiff filed objections to the Report on April 15, 2010. (Doc. #43). In his objections, he alleges reasons for failing to exhaust administrative remedies. His reasons are not sufficient to waive the exhaustion requirement. In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in Wallace, the Court has reviewed, de novo, the Report, the objections, and all documents filed by the petitioner in response to the Report. After careful review of the Report and objections thereto, the Court **ACCEPTS** the Report. (Doc. #41). For the reasons articulated by the Magistrate Judge, the defendants' motions, (Docs. #25, #37) are **GRANTED**, and this action is hereby **DISMISSED** without prejudice.

**IT IS SO ORDERED**.

                                                                   s/Terry L. Wooten  
                                                          United States District Judge

May 4, 2010  
Florence, South Carolina